ENTERED AUG 0 6 2014

STATE OF MAINE
CUMBERLAND, ss.

DISTRICT COURT
PORTLAND
CIVIL ACTION
DOCKET NO. PORDC-RE-12-428

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

WBJ-CUM-07-17-14

U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL
ASSOCIATION AS TRUSTEE AS
SUCCESSOR BY MERGER TO LASALLE
BANK NATIONAL ASSOCIATION, AS
TRUSTEE FOR CERTIFICATEHOLDERS
OF BEAR STEARNS ASSET BACKED
SECURITIES I LLC, ASSET-BACKED
CERTIFICATES, SERIES 2005-HE9
          PLAINTIFF

v.

HARRY A. FARMER
          DEFENDANT

AND

JACQUELINE A. FARMER;
RABBIT'S FOOT FINANCIAL, L.P.;
STATE OF MAINE, MAINE DEPARTMENT
OF LABOR;
AND
STATE OF MAINE, MAINE REVENUE
SERVICES
          PARTIES IN INTEREST

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 25 2014

RECEIVED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CONSENTED JUDGMENT OF FORECLOSURE AND SALE
## WITH WAIVER OF REDEMPTION
## TITLE TO REAL ESTATE IS INVOLVED

306 Shaker Road, Gray, Maine 04039
Cumberland County Registry of Deeds Book 22499, Page 19

With the consent of the parties, the Court finds as follows:

1. There has been a breach of the conditions of the Mortgage given by Harry A. Farmer to First Horizon Home Loan Corporation, dated March 21, 2005 and recorded in the Cumberland County Registry of Deeds in Book 22499, Page 19 (the "Mortgage"), as a result of a default on the Promissory Note secured thereby. The Mortgage was assigned to Mortgage Electronic Registration Systems, Inc., evidenced by assignment recorded July 12, 2006 in Book 24160, Page 229. The Mortgage was further assigned to U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2005-HE9, evidenced by assignment recorded September 25, 2012 in Book 29957, Page 182. The subject property is located at 306 Shaker Road, Gray, Maine 04039 and is more particularly described in the legal description attached hereto as Exhibit A (the "Premises").

2. Defendants have not filed a timely request for mediation, and therefore mediation is not mandatory in this case in accordance with 14 M.R.S. § 6321-A.

3. As of July 1, 2014, the following amounts are owed to the Plaintiff under the terms of the Note and Mortgage:

| | |
|---|---|
| Principal Balance | $263,984.36 |
| Accrued Interest | $32,745.76 |
| Escrow Advance | $15,926.57 |
| Attorney's Fees and Costs | $2,263.60 |
| Total | $314,920.29 |

Additional pre-judgment interest and post-judgment interest will accrue on said principal balance from said date at a rate of 5% per annum in accordance with the Note and 14 M.R.S. § 1602-B. Plaintiff has foregone any right to any higher rate that may be allowable under 14 M.R.S. § 1602-C. Additional attorney's fees, real estate taxes, costs and amounts advanced to protect the security of Plaintiff's mortgage may continue to accrue through the date of redemption or sale and the completion of these proceedings.

4. The Defendant, Harry A. Farmer, and all parties in interest have waived the 90-day period of redemption pursuant to 14 M.R.S. §6322.

5. The order of priority of any party appearing in this action is as follows:

First Priority: The Mortgage held by U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as

Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2005-HE9 recorded in the Cumberland County Registry of Deeds in Book 22499, Page 19. The amount due the Plaintiff is as set forth above.

Second Priority: Rabbit's Foot Financial, L.P., by virtue of a writ of execution recorded July 13, 2006 in Book 24164, Page 68. The amount owed to Party-in-Interest Rabbit's Foot Financial, L.P. is as may be set forth in any affidavit submitted.

Third Priority: State of Maine, Maine Department of Labor, by virtue of a lien in the amount of $19,836.65 recorded November 21, 2008 in Book 26466, Page 320, and a lien in the amount of $2,683.72 recorded September 16, 2010 in Book 28085, Page 190. As of February 12, 2013, the amount owed to Party-in-Interest State of Maine, Maine Department of Labor is $22,520.37 with interest and penalties accruing therein at .5833% per month.

Fourth Priority: State of Maine, Maine Revenue Services, by virtue of a lien in the amount of $8,881.83 recorded June 14, 2011 in Book 28756, Page 55, and a lien in the amount of $572.48 recorded June 14, 2011 in Book 28756, Page 56. As of April 15, 2013, the amount owed to Party-in-Interest State of Maine, Maine Revenue Services is $5,055.22 for the lien recorded in Book 28756, Page 55 and $464.39 for the lien recorded in Book 28756, Page 56.

Fifth Priority: Harry A. Farmer and Jacqueline A. Farmer.

6. There are no public utility easements affected by this action.

7. The names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

      a.      U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2005-HE9
7255 Baymeadows Way
Jacksonville, FL 32256

Counsel:     Leonard F. Morley, Jr., Esq. #3856
William B. Jordan, Esq. #461
Elizabeth P. Hunt, Esq. #3162
Shapiro & Morley, LLC

707 Sable Oaks Dr., Suite 250
South Portland, Maine 04106
(207) 775-6223

b.    Harry A. Farmer
      5786 S. Ridgewood Ave. #13
      Port Orange, FL 32127

Counsel:    Pro Se

c.    Jacqueline A. Farmer
      5786 S. Ridgewood Ave, #13
      Port Orange, FL 32127

Counsel:    Pro Se

d.    Rabbit's Foot Financial, L.P.
      c/o M. Jane Moriarty Esq.
      62 Portland Road., Suite 1
      Kennebunk, ME 04043

Counsel:    M. Jane Moriarty, Esq.
            c/o Kimmel Beach & Fitzpatrick
            62 Portland Road, Suite 1
            Kennebunk, ME 04043

e.    State of Maine, Maine Department of Labor
      c/o Nancy Macirowski
      6 State House Station
      Augusta, ME 04330

Counsel:    Nancy Macirowski, Esq.
            State of Maine, Maine Department of Labor
            6 State House Station
            Augusta, ME 04333

f.    State of Maine, Maine Revenue Services
      6 State House Station
      Augusta, ME 04330

Counsel:    Kevin J. Crosman, Esq.
            State of Maine, Maine Revenue Services
            State House Station #6
            Augusta, ME 04333

8. The docket number for this action is PORDC-RE-12-428.

9. All parties have received notice of these proceedings in accordance with the applicable provisions of the Maine Rules of Civil Procedure and any order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that:

a. Judgment of Foreclosure and Sale is hereby entered in favor of Plaintiff. Plaintiff, its successors and assigns, shall sell the Premises pursuant to 14 M.R.S. § 6321 et seq., and shall disburse the proceeds of the sale, after deducting the expenses thereof, in the following order:

First, to Plaintiff, its successors and assigns, as set forth above;

Second, to Rabbit's Foot Financial, L.P., its successors and assigns, as set forth above;

Third, to State of Maine, Maine Department of Labor, its successors and assigns, as set forth above;

Fourth, to State of Maine, Maine Revenue Services, its successors and assigns, as set forth above;

Fifth, the surplus proceeds, if any, to Harry A. Farmer and Jacqueline A. Farmer in accordance with 14 M.R.S. § 6324.

b. Any claim for a deficiency shall be determined only after the public sale of the Premises and only to the extent the high bid is less than the total indebtedness owed, and further subject to the limitation in 14 M.R.S. § 6324 that if Plaintiff is the high bidder, any deficiency is limited to the difference between the fair market value of the Premises at the time of the sale and the sum due to Plaintiff.

c. All remaining rights of the Defendant to possession shall terminate upon entry hereof. Defendant is ordered to vacate the real estate, and a Writ of Possession shall issue to the Plaintiff for possession of the real property upon application for the same.

d. The Court specifically finds that there is no just reason for delay of the entry of final judgment for the relief requested in Plaintiff's complaint, and the Clerk is directed to enter this Order as a final judgment pursuant to Rule 54.

e. If an appeal is not filed and the Clerk has so certified, Plaintiff shall be responsible for recording an attested copy of this judgment in the Cumberland County Registry of Deeds and paying the recording fee.

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated:  7\24\14

_____
Judge, District Court

Entered On:

Seen and Agreed:

_____
Harry A. Farmer

7-15-14
Date

_____
Jacqueline A. Farmer

7-15-14
Date

Rabbit's Foot Financial, L.P.


_____
By:  M. Jane Moriarty, Esq.

_____
Date

State of Maine, Maine Department of Labor


_____
By:  Nancy Macirowski, Esq.

_____
Date

State of Maine, Maine Revenue Services


_____
By:  Kevin J. Crosman, Esq.

_____
Date


Continued on next page

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: _____                   _____
                                                 Judge, District Court

Entered On:

Seen and Agreed:

_____              _____
Harry A. Farmer                                  Date

_____              _____
Jacqueline A. Farmer                             Date

Rabbit's Foot Financial, L.P.

_____              _7.3.14_____
By: M. Jane Moriarty, Esq.                       Date

State of Maine, Maine Department of Labor

_____              _____
By: Nancy Macirowski, Esq.                       Date

State of Maine, Maine Revenue Services

_____              _____
By: Kevin J. Crosman, Esq.                       Date

Continued on next page

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: _____
                                   Judge, District Court

Entered On:

Seen and Agreed:

_____          _____
Harry A. Farmer                                            Date


_____          _____
Jacqueline A. Farmer                                       Date


Rabbit's Foot Financial, L.P.


_____          _____
By:  M. Jane Moriarty, Esq.                                Date


State of Maine, Maine Department of Labor


_____          __7/3/2014__
By:  Nancy Macirowski, Esq.                                Date


State of Maine, Maine Revenue Services


_____          _____
By:  Kevin J. Crosman, Esq.                                Date


Continued on next page

f. Pursuant to Rule 79(a) this Order may be incorporated by reference on the Civil Docket.

Dated: _____

Judge, District Court

Entered On:

Seen and Agreed:

_____                    _____
Harry A. Farmer                                     Date


_____                    _____
Jacqueline A. Farmer                                Date


Rabbit's Foot Financial, L.P.


_____                    _____
By:  M. Jane Moriarty, Esq.                         Date


State of Maine, Maine Department of Labor


_____                    _____
By:  Nancy Macirowski, Esq.                         Date


State of Maine, Maine Revenue Services


_____                    _____
By:  Kevin J. Crosman, Esq.                         7-16-14
                                                    Date


Continued on next page

U.S. Bank National Association, as Trustee, successor in interest to Bank of America, National Association as Trustee as successor by merger to LaSalle Bank National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset-Backed Certificates, Series 2005-HE9

By: William B. Jordan, Esq., #461

7/17/14

Date

This document may be executed with counterpart original signature pages which together may constitute a complete written agreement.

Doc#: 21368 Bk:22499 Ps: 36

A certain lot or parcel of land, with the buildings and improvements thereon, situated in the Town of Gray, County of Cumberland and State of Maine, bounded and described as follows:

Beginning at the northwesterly corner of land owned bt heirs of Eugene Foster, deceased, said corner being on the southeasterly side of the road leading from Dry Mills in the Town of Gray to Shaker Village in the Town of New Gloucester; thence

Southeasterly three hundred twenty-two and one-fourth (322 1/4) feet by the line of the above named Foster heirs to a stone; thence

Northeasterly one hundred eighty-one (181) feet along line of land owned by Wallace Libby, formerly Foster heirs, to an iron pin; thence

Westerly three hundred fifty (350) feet on line of land owned by the above named Libby to an iron pin being on the line of the above mentioned road; thence

Southerly by the line of said road to the point of beginning.

Also another certain lot or parcel of land situated in said Gray and lying on the easterly side of Shaker Road, so-called, bounded and described as follows:

Beginning at the southeasterly corner of the above described lot; thence

Running along said above described lot in a northerly direction one hundred eighty-one (181) feet to an iron pin; thence

Southerly thirty-four (34) feet to an iron pin; thence

Easterly along the line of land now or formerly of Wallace Libby one hundred seventy-two (172) feet to an iron pin; thence

Southeastrly along the line of land formerly owned by Carrie F. Libby two hundred forty (240) feet to an iron pin; thence

Southwesterly along line of land now or formerly of the State of Maine, two hundred sixty (260) feet to an iron pin; thence

Northwesterly along line of Foster heirs for two hundred fifty (250) feet (250) feet to the place of beginning.

The premises are conveyed together with and subject to any and all easements or appurtenances of record, insofar as the same are in force and applicable.

Being the same premises conveyed to Harry A. Farmer by virtue of a deed from Nancy F. Farmer dated 7/14/03 and recorded in the Cumberland County Registry of Deeds in Book 20324, Page 230.

Received
Recorded Resister of Deeds
Apr 06,2005 01:23:14P
Cumberland County
John B OBrien

## CERTIFICATION OF CLERK PURSUANT TO 14 M.R.S. § 2401(3) (F)

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court in this action within the appeal period following entry of judgment or that the final judgment has been entered after remand following an appeal.

Dated: _____

_____
Clerk of Court

11-014864